FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 JAN 31 PM 4:45

U.S. DISTRICT COURT
N.D. OF ALABAMA

KATHRYN H. WILSON, )
)
   Plaintiff, )
)
v. ) CV-95-C-3253-S
)
BELLSOUTH TELECOMMUNICATIONS )
INC., )
)
   Defendant. )

ENTERED

JAN 31 1997

**MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT**

In this action under the Americans with Disabilities Act ("ADA"), 42, U.S.C. § 12101, *et seq.*, plaintiff Kathryn H. Wilson claims that defendant BellSouth Telecommunications, Inc. ("BST") discriminated against her because of her disability, and unlawfully retaliated against her for filing a charge of discrimination. BellSouth has moved for summary judgment. Since the relevant facts are without dispute and the applicable law is clear, the motion is due to be granted.

I.

Plaintiff has been employed as a collections representative with BellSouth Telecommunications ("BST") since November 1976. (Compl. at 2.) Collections representatives record notations on customer accounts, handle and prepare correspondence, and perform miscellaneous clerical work. In March of 1994, plaintiff injured her right shoulder while off the job. On May 20, 1994, plaintiff's shoulder was surgically repaired. Plaintiff was released to return to her job on June 29, 1994. However, she was prohibited from using her right arm. Debra Lunceford, plaintiff's supervisor, relieved her from taking customer calls for approximately

1

one month after she returned to work. At this time plaintiff did miscellaneous office work using only her left arm. (Dep. of Lunceford at 45-46.) On August 1, 1994, plaintiff's physician sent BST a return to work slip that placed plaintiff on light duty for two weeks and prohibited the use of her right arm. As a result, Lunceford allowed plaintiff to take calls and type only with her left hand. On September 12, 1994, plaintiff's physician sent another return to work slip which placed plaintiff on light duty for four weeks. On September 27, 1994, at Lunceford's request, plaintiff's physician faxed Lunceford a letter stating that plaintiff could return to work with no definite restrictions, and that plaintiff could proceed with activity as tolerated. (Letter of Dr. Carter Slappey, 9/27/94.)

Lunceford states in her sworn deposition that prior to plaintiff's injury, customers occasionally complained about the way plaintiff handled their calls. After the injury, in November of 1994, Lunceford claims she received two complaints over a two day period regarding plaintiff's tone and manner with customers. (Dep. of Lunceford at 68.) Plaintiff continued to receive complaints until May 4, 1995, when supervisor Geneva Johnson counseled plaintiff.

## ANALYSIS

### I. ADA Claim

The Americans With Disabilities Act ("ADA") provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employers, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a). Thus, in order to prove a prima facie case of ADA discrimination, the plaintiff must prove that (1) she has a disability; (2) she is a "qualified

2

individual"; and (3) she was subjected to unlawful discrimination because of her disability. Morisky v. Broward County, 80 F.3d 445 (11th Cir. 1996). The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. 12102(2).

An impairment must substantially limit one or more of an individual's major life activities. Gordon v. E.L. Hamm & Associates, Inc., 1996 WL 665614 (11th Cir. 1996). The three factors to be considered in determining whether a person's impairment is substantially limiting are (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact of or resulting from the impairment. 29 C.F.R. § 1630.2(j)(2). The EEOC regulations provide that "temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities." 29 C.F.R. 1630.2(j). "Such impairments may include, but are not limited to, broken limbs, sprained joints, concussions, appendicitis, and influenza." Id.

Plaintiff does not have a disability within the meaning of the ADA because her injury did not substantially impair a major life activity. Plaintiff has failed to present evidence demonstrating that any long term impact has resulted from her injury. Plaintiff's physician testified in his sworn deposition that a person with the type of tear plaintiff sustained would be immobilized for approximately three or four weeks, and that recovery could take between two to six months. (Dep. of Dr. Slappey at 31-32.) Furthermore, plaintiff's injury did not prevent her from performing her job. Plaintiff's supervisor allowed her to do miscellaneous office work for several weeks after her surgery even though Dr. Slappey's only restricted the use of plaintiff's right arm.

When plaintiff began to take customer calls again, she was not required by her supervisor to use her right arm even though she was only restricted from constant keyboarding with her right hand.

Plaintiff continues to work as a collections representative at BST. She states in her sworn deposition, "I am not disabled," and "when the doctor released me, I [felt] that I could work in full capacity." (Dep. of Wilson at 141-42.) These facts indicate that plaintiff's injury was not substantially limiting, and thus, not of the kind contemplated by the ADA. Therefore, summary judgment is due to be granted on plaintiff's ADA claim.

## II. Retaliation Claim

The ADA prohibits "discrimination against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203. This language is very similar to the retaliation language, 42 U.S.C. § 2000-e, *et seq.*, ("Title VII") which provides in part that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice ... or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Thus the elements required to prove a prima facie case of retaliation under Title VII may be applied in the context of an ADA claim by analogy.

A plaintiff alleging retaliation must show (1) that she engaged in statutorily protected activity; (2) that an adverse employment action occurred; and (3) that the adverse action was

4

causally related to the plaintiff's protected activities. Coutu v. Martin County Board of County Commissioners, 47 F.3d 1068, 1074 (11th Cir. 1995); EEOC v. Reichhold Chemicals, Inc., 988 F. 2d 1564, 1571 (11th Cir. 1993); Goldsmith v. City of Atmore, 996 F. 2d 1155, 1162 (11th Cir. 1993).

Plaintiff engaged in protected activity when she filed a grievance with her union concerning her alleged disability. However, the record does not indicate that any adverse employment actions were taken against plaintiff.

Plaintiff claims that BST retaliated against her by harassing her about customer complaints, and threatening plaintiff with probation and more severe discipline if the complaints did not stop. Plaintiff admits that she does not know whether or not customers complained about her. Whatever the case, customer complaints are not used in evaluating work performance. (Dep. of Lunceford at 29.) Plaintiff does not dispute this fact. Furthermore, plaintiff's performance evaluation for 1994 was higher than her 1993 evaluation. (Dep. of Wilson, Exh. 9, 10.) Even if plaintiff were a qualified individual with a disability, she suffers from no adverse action; thus her claim for retaliation must fail.

Based on the foregoing, defendant's motion for summary judgment is hereby GRANTED. A separate order embodying this conclusion shall issue.

DONE this 31st day of January 1997.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON
5